Our last case of the day is People v. Tapp, and for the appellant is Mr. Wright, and for the appellee Ms. Ambrose. You may proceed. My name is Dan Wright. I was appointed by the trial court in Saman County to assist Mr. Tapp with the appeal of this matter, which arises from the revocation of his conditional release as a sexually violent person in 2002. And I'll keep the facts short and certainly answer any questions that the court has, but essentially, the state's attorney in Saman County filed a petition to revoke Mr. Tapp's conditional release based on a number of factors, or based on a number of allegations. Ultimately, the conditional release was revoked based upon the admission over defendant's objection of a certified copy of the criminal sentencing order from DuPage County. What was the basis of his objection? The basis of his objection was that the criminal sentencing order was not complete in terms of the documentation that should be submitted to the court to establish a prior conviction. What should have been included with it? I think trial counsel's objection was that there should be some documentation establishing the facts underlying the charge. There was no indictment, there was no, the information wasn't there, there was no transcript to establish what the inlying facts were to establish that Mr. Tapp violated the terms of his conditional release, one of which was not to violate any federal, state, or local laws. Additionally, in full disclosure, and this is fully set forth in the briefs, but Mr. Tapp was put on the stand and admitted to pleading guilty to the charge, but there's no evidence in the record, or in the criminal sentencing order or elsewhere in the record, as to what facts he admitted, if any. He says that he pled guilty on the advice of counsel in order to, because he was assured that it wouldn't affect his conditional release in Sangamon County. So Mr. Tapp's contention is that it wasn't an admission of any facts, and there are no such facts in the record. And so that's the basis for, in addition to the incompleteness of the record upon which the revocation is based, Mr. Tapp's argument is that his plea could not be deemed knowing and voluntary because of the assurances provided by his defense counsel. Does any case law support the proposition that an indictment or information had to be included? I think Justice Turner of the People v. Lane, which is actually in the state's brief, it's 400 ill 170, which states that prior conviction should be supported by an authenticated copy, showing the caption which this had, certainly the final judgment of the court, but return of an indictment at open court by the grand jury, indictment, and arraignment of the defendant. Impaling of the jury, et cetera. Clearly that wasn't present in this case. And I would point out that my understanding of the facts, and I was not trial counsel in this case, but this case was continued numerous times, and I think it was just a matter of expediency. The parole officer had been there before and wasn't there this time. But as a procedural matter, in the interest of Mr. Tapp's due process, it's our judgment that the record was not complete and it was insufficient to enter the judgment that the trial court entered. The case you said, was that Lane? Is that what you said? That's what I just said. That was a criminal case, and the fact that this was a civil proceeding, does that make any difference? The proceeding, you're absolutely correct that it's civil in nature, but I think that the sufficiency of the documents submitted to the court would still be subject to the standard for use of a prior conviction. What would that standard be? The standard that's in People v. Lane, that in order for a prior conviction to be, well, People v. Williams is also relevant. That's in our brief. But People v. Lane says that in order to use a prior conviction, you have to support that with an authenticated copy of the conviction that includes various things, including the indictment, arraignment, impaling of a jury, or waiver of a jury, and the final judgment of the court. In addition, People v. Williams says that a prior conviction can be used, or a prior guilty plea, that indicates the material facts to which the defendant pleaded guilty. Here we have a document to which the defendant admitted that he pled guilty to the charge, but it doesn't indicate the underlying facts that were alleged or to which he pleaded guilty. So just as a matter of Mr. Tapp's procedural due process, he was entitled to have those standards met. And the state could, in fact, likely meet those if the case were remanded to make sure that the I's are dotted and the T's are crossed, and that's the state's burden to do in a matter like this. Didn't the state cite, I'm not sure how to pronounce it, Spierkhoff v. Stransky for the proposition that civil matter is different, and that in order for the state to use that in this particular case, they did not need either the indictment or a criminal information to support the factual? Circumstances of defense. Judge, I think this case is factually distinguishable for a couple of reasons, in that there really is no, we just don't have any facts to establish what, in fact, he pleaded guilty to. So even if a prior plea of guilty, there's a different standard in a civil case, or a case to which civil standards are applied. There just really aren't any facts to support. Well, the sentencing order reflects the charge that he pled guilty to. It reflects the title in the section, Judge. Right. Well, I mean, it's, you can't confuse that with a robbery or some other kind of criminal offense. It's a pretty specific criminal offense that's named, right? Judge, I think that is a strong and likely very accurate assumption. But I think the bottom line is that it is, there's a certain leap there that has to be taken without the supporting information in the record. But I would agree with the court that that is a specific offense. But Judge Faywell up in DuPage County isn't known for, you know, flights of fancy and signing off on sentencing orders that, you know, aren't supported by the evidence. I absolutely understand and respect that, Judge, but it's not in the record. And that we're limited to the record, but I completely understand where you're coming from and I can't refute that, but I'm limited to the record. If there are any further questions, that concludes my argument. Thank you very much. Ms. Ambrose? May it please the Court and Counsel, the cases to which Justice Turner referred stand for the proposition that his guilty plea acts as a judicial admission of the elements of the offense to which he pleaded guilty,  rather than had the offense been committed, it would have constituted aggravated criminal sexual assault. And on top of that, the rule to which, or the cases that Matt Bauer was referring to, is when you are going to impeach somebody, you usually have a certified copy of conviction and it usually has the indictment or information attached and it has the docket entries to show the waiver of the jury. And that's usually the stuff that's attached to the certified copy of conviction in the context of impeaching somebody in a criminal case. But they had everything that was needed here because, as you said, they had the statutory citation and they had the nature of the offense and the final judgment. And then on top of that, he called the defendant who said, yes, I pled to this offense. And I did so thinking that, you know, his attorney said, well, she believed that he'd still get conditional release if he continued to work with the police, which I don't know what that means. Unless he introduced some evidence, which he didn't, that there was something fundamentally wrong with his guilty plea. And just for gills, I tried to get onto the DuPage County website to see if there had been any motion to vacate the guilty plea. And I couldn't get on to see if there had been something subsequent to this plea. But certainly that is more than a preponderance of the evidence to establish that he committed another criminal offense sufficient for the revocation. Also, I cited to this court's decision in Laskowski's where there was just certified documents. It wasn't even a criminal conviction, but to establish for sentencing for enhancement purposes. And this court said that it was fine to show previous DUIs and that it was up to the defendant to show that there was something fundamentally wrong with that, that he did not commit the DUIs. In other words, it's his burden to establish that, to raise a question regarding, I think it was his representation. He was saying that there was no indication on the record that he was represented by counsel in those prior DUIs. And this court said it was up to him to establish something. So he can't show or shift the burden to the state to show an absence of counsel. And also in this case, there's no indication that there was something fundamentally wrong with his prior guilty plea. And so there was no need for the state to show a factual basis for that prior guilty plea. I'd welcome any questions from the court. There don't appear to be any. Thank you. Thank you. Rebuttal? I would just thank the court for its time and consideration and staying on the prior arguments and the briefs. Thank you. All right. We'll take this matter under advisement and stand in recess until further call.